78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leon LASLEY, Petitioner-Appellant,
v.
Craig HANKS, Respondent-Appellee.
 No. 95-3810.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided Feb. 28, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Leon Lasley filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, claiming that the state judge erred in refusing to recuse himself and that the state judge imposed an unconstitutionally long sentence. The district court denied the petition and we affirm.
 
 ANALYSIS
 
 2
 Lasley is an inmate at the Wabash Valley Correctional Institute serving consecutive sentences totalling 124 years' imprisonment for eleven counts of child molestation. Lasley challenges his conviction and sentence on two grounds. First, he maintains he was denied due process because the state judge was biased against him yet refused to recuse himself. Second, he argues his sentence is unconstitutionally excessive and that the state judge failed to adequately consider mitigating factors.
 
 
 3
 The first claim clearly fails. Lasley's entire argument that the state judge was biased against him is based on the fact that the state judge presided over his prior conviction for child molestation earlier the same year and sentenced him to the maximum. That a judge acquires knowledge and opinions about a defendant during the normal course of a trial is neither surprising nor improper, and there is nothing constitutionally untoward about the same judge presiding over successive trials with the same defendant. See Liteky v. United States, 114 S.Ct. 1147, 1155 (1994); Del Vecchio v. Illinois Department of Corrections, 31 F.3d 1363, 1370-71 (7th Cir.1994), cert. denied, 115 S.Ct. 1404 (1995). Lasley has made no showing of any legally cognizable species of bias on the part of the state court judge. See Liteky, 114 S.Ct. at 1158; Del Vecchio, 31 F.3d at 1375.
 
 
 4
 Lasley's second claim is no more successful. Lasley concedes that the sentence is within the statutory limits, and federal courts normally refrain from reviewing state sentencing determinations that are within those limits. See Gleason v. Welborn, 42 F.3d 1107, 1112 (7th Cir.1994), cert. denied, 115 S.Ct. 1961 (1995). The constitution does, however, forbid the imposition of sentence that is grossly disproportionate to the crime. See Solem v. Helm, 463 U.S. 277 (1983); Harmelin v. Michigan, 501 U.S. 957, 998 (1991) (Kennedy, J., concurring). Three factors are considered in assessing whether a sentence is "grossly disproportionate": (1) the gravity of the offense compared with the severity of the penalty; (2) penalties imposed within the same jurisdiction for similar crimes; (3) penalties imposed in other jurisdictions for the same offense. Solem, 463 U.S. at 290-92. Lasley's showing on the first factor is inadequate, as a lengthy term of years is not grossly out of balance given the nature and frequency of his crimes. Lasley does not attempt to satisfy factors two or three. As to mitigation, the record indicates the state court judge did consider Lasley's presentation, but found it unpersuasive. Further, the state court is not constitutionally required to consider mitigating factors in non-capital cases. See Harmelin, 501 U.S. at 994-6.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; and, accordingly, the appeal will be submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)